```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
FAYE T. MADIGAN, Independent Administrator   :
of Estate of Kenneth M. Thompson, deceased,   :
                                              :         **REPORT AND**
                      Plaintiff,              :         **RECOMMENDATION**
                                              :
           -against-                          :         16-MC-965 (RRM)(PK)
                                              :
J.P. GIBBONS & CO., INC., ARON O.             :
BRONSTEIN, TOMER M. YUZARY, ROMAN             :
SAKHAROVICH,                                  :
                                              :
                                              :
                      Defendants.             :
---------------------------------------------------------------- X
```

**Peggy Kuo, United States Magistrate Judge:**

Before this Court is a Motion for Relief from a Judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Motion"). The Motion seeks relief from a default judgment entered in the United States District Court for the Northern District of Georgia ("Georgia Judgment"), which was registered in this District thirteen years after its entry or, alternatively, to stay enforcement of the Georgia Judgment in this District. (Vasserman Aff. ¶ 2, Dkt. 2.) The Honorable Roslynn R. Mauskopf has referred the Motion to the undersigned for a report and recommendation. (*See* July 11, 2016 Order.) For the reasons stated herein, the undersigned respectfully recommends that relief be granted by vacating the registration of the Georgia Judgment.

## BACKGROUND

On April 11, 2016, Plaintiff Faye T. Madigan ("Plaintiff" or "Madigan"), the administrator of the estate of Kenneth M. Thompson, registered in this District a default judgment obtained in the District Court for the Northern District of Georgia on April 2, 2003. (*See* Registration of Foreign Judgment ("Registration"), Dkt. 1.) This judgment was based on an arbitration award entered against Defendants Aron O. Bronstein ("Defendant" or "Bronstein"), Roman Sakharovich, and Tomer M. Yuzary for "fraudulently s[elling] and purchas[ing] stock in the Gold Lender Financial

1

Group, Inc., to and from Kenneth M. Thompson in violation of federal securities laws and the NASD [National Association of Securities Dealers] Rules of Fair Practice." (Paukman Aff. Ex. A ¶ 6, Dkt. 8; *see also* Registration at 3.) The award was in the amount of $4,185,957 plus interest. (Registration at 3.) Between the time the petition for confirmation of the arbitration award was filed and the entry of default judgment in Georgia, Bronstein and others were prosecuted and sentenced to a term of incarceration for securities fraud in the District Court for the Southern District of New York. (*See* Somers, Jr. Aff. ¶ 3, Dkt. 42-1.) They were also ordered to pay restitution. (*See id.*; Paukman Aff. Ex. D, Dkt. 11.) In July 2001, Plaintiff received partial restitution in the amount of $42,613.22. (Somers Aff. ¶ 5.)

On May 19, 2016, shortly after the Georgia Judgment was registered in this District, Defendant filed this Motion arguing that the Georgia Judgment should be set aside, because he did not have notice of the underlying lawsuit in Georgia where the default judgment was entered against him, and because Plaintiff failed to register the judgment in New York before the expiration of the statute of limitations in Georgia. (*See* Vasserman Aff. ¶¶ 4-7.) In the alternative, the Motion seeks a stay of enforcement of the Georgia Judgment in this District. (*Id.* ¶ 2.) Plaintiff filed a response and an amended response to the Motion on June 10, 2016 and June 14, 2016, respectively, and Defendant filed a reply in support of the Motion on July 22, 2016. (Paukman Aff., Dkt. 7; Paukman Am. Aff., Dkt. 14; Def.'s Reply Memorandum of Law ("Def.'s Reply"), Dkt. 30.) On August 11, 2016, Plaintiff filed a supplemental response to the Motion. (Paukman Suppl. Aff., Dkt. 35.)

Oral argument was held on August 16, 2016, and Plaintiff was granted permission to submit a supplemental brief on the question of "whether there are exceptions to the Georgia Statute of Limitations, such as tolling for fraud or evasion, or for efforts to collect on the judgment." (August 16, 2016 Minute Order.) On September 16, 2016, Plaintiff filed a second supplemental response.

2

(Paukman Second Suppl. Aff., Dkt. 42.) On September 28, 2016, Defendant filed a supplemental reply. (Def.'s Supplemental Reply Memorandum of Law ("Def.'s Suppl. Reply"), Dkt. 43.)

## DISCUSSION

### I. Timeliness of the Motion

Motions brought under Rule 60(b)(1), (2) and (3) must be brought within one year, while motions brought under Rule 60(b)(4), (5), or (6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c). Because Defendant is invoking subsections (4), (5) and (6), the applicable standard is whether this Motion was brought within a reasonable time. When determining "a reasonable time," the court considers "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (internal quotation marks and citations omitted).

Plaintiff challenges the timeliness of Defendant's Motion, because it was filed more than thirteen years after entry of the Georgia Judgment. (*See* Paukman Am. Aff. ¶ 73.) Defendant responds that Plaintiff did not register the Georgia Judgment in this District until April 11, 2016, and he made this Motion just over a month later, "[u]pon becoming aware of the registration." (Def.'s Reply at 1.) To the extent that Defendant is seeking relief on the basis that the Georgia Judgment had become unenforceable by the time of registration in this District, (*see id.* at 2-3), there would have been no reason to challenge the judgment before April 11, 2016.

Defendant's argument that the Georgia Judgment is void for improper service could have been raised earlier. However, while "final judgments should not be lightly reopened," *Thai-Lao Lignite (Thailand) Co.,* 864 F.3d at 183, "[c]ourts have been exceedingly lenient in defining the term reasonable time, with regard to voidness challenges," *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d

3

180, 190 (2d Cir. 2006) (internal quotation marks omitted). Courts have held that a motion to vacate a judgment as void "may be made at any time." *Id.* (internal quotation marks and citations omitted).

Accordingly, because the Motion was filed almost immediately after the registration of the Georgia Judgement in this District, and it raises an issue of voidness, the undersigned finds that the Motion was brought within a reasonable time.

## II. Enforceability of the Georgia Judgment

### a. Improper Service and Rule 60(b)(4)

Defendant argues that the Georgia Judgment is void because he did not have notice of the lawsuit in Georgia. (*See* Vasserman Aff. ¶ 4.) If service of process was improper, there would have been no personal jurisdiction, and Defendant would be entitled to relief under Rule 60(b)(4). *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299-300 (2d Cir. 2005). However, Defendant fails to challenge the affidavit of service showing that he was personally served on February 8, 2002 in Fort Dix Correctional Institution where he was incarcerated. (Paukman Aff. Ex. B, Dkt. 9.) Because Defendant has not shown improper service, the court in Georgia had personal jurisdiction over him.

Accordingly, the undersigned recommends that Defendant's request for relief based on improper service be denied.

### b. Georgia Statute of Limitations for Enforcing a Judgment

Under the Official Code of Georgia, a judgment becomes dormant and unenforceable seven years after it is entered, unless there is a levy of execution or a notice of bona fide public effort to enforce the execution in the courts. Ga. Code Ann. § 9-12-60(a) (West 1997). A levy of execution or a notice of bona fide public effort to enforce has the effect of instituting a new seven-year period within which the judgment shall not become dormant. Ga. Code Ann. § 9-12-60(b) (West 1997). A dormant judgment may be revived within three years of the date of dormancy. Ga. Code Ann. § 9-12-61 (West 1910). Sections 9-12-60(a) and 9-12-61, thus, "operate in tandem as a ten-year statute

of limitation for the enforcement of Georgia judgments." *Corzo Trucking Corp. v. West*, 636 S.E.2d 39, 40 (Ga. Ct. App. 2006).

Defendant argues that "[t]he undisputed evidence" shows, during the ten-year statute of limitation period, Plaintiff made no attempt to enforce the Georgia Judgment, but rather allowed it to become dormant and unenforceable. (Def.'s Reply at 3.) The docket in the underlying case in the District Court in Georgia indicates that the Georgia Judgment was entered on April 2, 2003, but no other entry was made until April 6, 2016, when the Clerk of Court's certification was issued for registration of the Georgia Judgment in another district. (*See* Forman Aff. Ex. A, Dkt. 31-1; *see also* Registration at 1.) Similarly, a search of the Georgia Superior Court Clerks' Cooperative Authority database, which "compiles the public records from all 159 Georgia counties of, among other things, judgments and judgment liens," did not reveal any attempt by Plaintiff to "perfect a lien or secure a writ of *fieri facias* in the state courts of Georgia." (Forman Aff. ¶ 8, Dkt. 31.)

The record is devoid of any effort to enforce the Georgia Judgment because Plaintiff apparently had no intention of enforcing it. Plaintiff's original attorney in the underlying case affirms that Plaintiff was "reluctant to immediately commence enforcement of the Judgment not only because of her anxiety over the defendants being convicted criminals and the perception they might present a threat to her person," but also because she received a restitution check for $42,613.22 in July 2001 from the District Court for the Southern District of New York where defendants were criminally prosecuted. (Somers, Jr. Aff. ¶¶ 3, 5.) The attorney further affirms, "Because of the receipt of this check and the order of restitution in the criminal proceedings against the individual defendants called for full restitution, both the Plaintiff and I assumed the $42,613.22 was all there likely would be in available funds to satisfy the Judgment." (*Id.* ¶ 5.) Thus, it appears that Plaintiff *chose* not to enforce the Georgia Judgment in Georgia or elsewhere, despite her attorney's advice that it would be "likely necessary to register the Judgment in New York or New

5

Jersey," where defendants were known to reside. (*Id.* at ¶ 4.) Whether she intended to enforce the Georgia Judgment at some later date or not, the statute of limitations ran out on April 2, 2013.

Once it is established that a statute of limitations has run, in order for a matter to remain viable, the "plaintiff has the burden of showing the existence of facts that would toll the statute of limitation." *Falanga v. Kirschner & Venker, P.C.*, 648 S.E.2d 690, 693 (Ga. Ct. App. 2007). Plaintiff argues that tolling is appropriate here because Defendant fraudulently concealed his assets through "a complex scheme of fraud that involved, among other things, forged and fraudulent endorsements" to "create a false chain of title to other persons or entities of ARON O. BRONSTEIN's assets," and "to hide assets from Plaintiff and other creditors." (Paukman Second Suppl. Aff. ¶¶ 11, 13-14.) Plaintiff requests an evidentiary hearing to determine if the documents in question contain forged signatures. (*Id.* ¶ 19.)

Georgia law provides for tolling of the statute of limitations where a defendant's fraud "debarred or deterred" the plaintiff from filing an action. Ga. Code Ann. § 9-3-96 (West 1855-56). This tolling statute is "strictly construed." *Kemp v. Bell-View, Inc.*, 346 S.E.2d 923, 925 (Ga. Ct. App. 1986). To establish that fraudulent concealment justifies tolling of the statute of limitations under Section 9-3-96, "a plaintiff must prove that: (1) the defendant committed actual fraud involving moral turpitude, (2) the fraud concealed the cause of action from the plaintiff, and (3) the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the applicable statute of limitation." *Wilson v. Phillips*, 495 S.E.2d 904, 905 (Ga. Ct. App. 1998); *see also Brooks v. Freeport Kaolin Co.*, 324 S.E.2d 170 (Ga. 1985). In order to prove actual fraud, Plaintiff must establish all five of the following elements: "(1) false representation by defendant; (2) scienter or knowledge of the alleged falsehood; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." *Auto-Owners Ins. Co. v. Dolan*, 803 S.E.2d 104, 111 (Ga. Ct. App. 2017), *cert. denied* (Jan. 16, 2018); *see also Kodadek v. Lieberman*, 545

S.E.2d 25, 28 (Ga. Ct. App. 2001).  For a claim of fraudulent concealment, "the scienter element requires that 'the alleged defrauder had actual, not merely constructive, knowledge of the fact concealed.'" *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1368 (N.D. Ga. 2013) (quoting *ReMax N. Atlanta v. Clark*, 537 S.E.2d 138, 142 (Ga. Ct. App. 2000)).  The fraud claim fails if evidence as to any of the elements is lacking.  *See Auto-Owners Ins. Co.*, 803 S.E.2d at 112.

Plaintiff claims that Defendant committed fraud by hiding assets from Plaintiff using "forged and fraudulent endorsements . . . as early as March of 2004."  (Paukman Second Suppl. Aff. ¶ 13.)  In support of this contention, Plaintiff submits various signatures purportedly of Defendant and Rosa Bronstein on documents dated December 3, 2013, June 17, 2013, March 24, 2016, July 8, 2016, and July 20, 2016.  (*Id.* ¶ 15; Paukman Second Suppl. Aff. Ex. B, Dkt. 42-2.)  He does not submit any evidence of forgeries to support his contention that this was happening "as early as March of 2004."  Plaintiff argues that, based on the similarity among the signatures submitted, Defendant used "forged documents [to] create a false chain of title."  (Paukman Second Suppl. Aff. ¶¶ 13-14.)

None of the purportedly forged signatures pre-date April 2, 2013.  Therefore, it is not possible for Plaintiff to have relied on this alleged fraudulent conduct in failing to enforce the Georgia Judgment within the statute of limitations.  Without reliance by Plaintiff, there cannot be actual fraud to justify tolling the statute of limitations.  Furthermore, the affidavit of Plaintiff's prior counsel makes clear that Plaintiff "assumed" there were no more funds to be recovered after receiving the restitution check and did not justifiably rely on any false representation by Defendant.  (Somers, Jr. Aff. ¶ 5.)

The other elements necessary for actual fraud have also not been met.  Plaintiff's submission of signatures on fragments of documents give no information as to how they constitute false representation by Defendant, let alone that he had actual knowledge of the alleged concealment, or

7

that he intended to induce Plaintiff to act or refrain from acting. Instead of facts or argument, Plaintiff's allegations of fraud are based on vague insinuations. Plaintiff cannot now seek a hearing in the hope that something will emerge to help her case.

In addition to there being no actual fraud or concealment, Plaintiff has also "fail[ed] to exercise due diligence as a matter of law." *McClung Surveying, Inc. v. Worl*, 541 S.E.2d 703, 706 (Ga. Ct. App. 2000). As discussed above, the record shows that Plaintiff failed to take *any* action during the ten-year limitations period before the Georgia Judgment became unenforceable. This lack of diligence before 2013 is fatal to Plaintiff's contention that the Georgia statute of limitations should be tolled due to fraudulent concealment. *Id.* at 707.

Accordingly, the undersigned finds that the Georgia Judgment became unenforceable as of April 2, 2013 because it was allowed to become dormant and no attempt was made to revive it. Plaintiff has failed to prove that any exception to the statute of limitation applies to this case, and also failed to support her request for a hearing to explore her unsupported allegations.

### III.     Registration and Enforceability of the Georgia Judgment in New York

In response to Defendant's argument that the Georgia Judgment is unenforceable in this District because it had expired in Georgia by the time it was registered in this District, (*see* Def.'s Suppl. Reply at 7-8), Plaintiff argues that, through the act of registration, the Georgia Judgment became a *new* judgment, which is governed by the New York statute of limitations of twenty years. (*See* Paukman Second Suppl. Aff. ¶ 71.)

A judgment registered pursuant to 28 U.S.C. § 1963 (1996) "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." Registration does *not* create a judgment different or separate from the underlying judgment; it creates an enforcement mechanism. Moreover, under the Full Faith and Credit Clause of the United States Constitution, "New York is required to give a foreign judgment only the same validity and effect as

8

the judgment would be given in its state of rendition." *State v. Int'l Asset Recovery Corp.*, 866 N.Y.S.2d 823, 825 (N.Y. App. Div. 2008) (citations omitted). To do otherwise "would be to give it greater effect than it would be given in" the issuing state. *Id.* at 826.

As discussed above, the Georgia Judgment had already expired by the time that judgment was registered in New York. Georgia law afforded Plaintiff plenty of opportunities to extend the time during which the judgment would *not* become dormant, as well was opportunities to revive it once it did. Having failed to take any action to keep the judgment alive, Plaintiff cannot now resurrect it in this District, thereby giving it another twenty years of life under the New York statute of limitations. *See, e.g., Chesapeake Coal Co. of Balt. v. Mengis*, 92 N.Y.S. 1003 (N.Y. App. Div. 1905); *Juneau v. Couvillion*, 148 F.R.D. 558, 561 (W.D. La. 1993) ("[A] dead judgment (where the judgment itself has expired) cannot gain new life through registration pursuant to 28 U.S.C. § 1963."). While such an extension might have been possible had the Georgia Judgment been registered in New York *before* it expired on April 2, 2013, such life support—in law, as in science—cannot bring back to life that which has already died.

As early as 1905, New York courts have held that an expired judgment from a foreign jurisdiction cannot be enforced in New York. *See Chesapeake Coal Co. of Balt.*, 92 N.Y.S. at 1003 (no enforcement of Maryland judgment in New York after expiration of Maryland statute of limitations); *see also Int'l Asset Recovery Corp.*, 866 N.Y.S.2d at 826. The District Court for the Southern District of New York has concluded that a judgment "dormant in Wyoming, is also dormant here," holding specifically that the issuance of execution by a New York federal court "did not bring to life" a dormant judgment from a foreign jurisdiction. *Grohne U.S. for Use & Benefit of Grohne v. English Const. Co.*, 95 F. Supp. 763, 764 (S.D.N.Y. 1951) (citation omitted). At least two other federal courts have held the same. A District Court in Louisiana held that "registration under 28 U.S.C. § 1963 does not magically revive a dead judgment" if, "at the time of registration, the judgment has already expired in

9

the state of issuance." *Juneau*, 148 F.R.D. at 559-61.  Similarly, the Fifth Circuit held that "[a] judgment may only be registered and enforced at a time when the judgment is still enforceable in the state from which it is being registered." *Del Prado v. B. N. Dev. Co.*, 602 F.3d 660, 664 (5th Cir. 2010).

Plaintiff suggests that this Court should follow the outcome in *Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965), where the Eighth Circuit concluded that the laws of the state where a judgment is registered should apply to enforcement of that judgment. (*See* Paukman Suppl. Aff. ¶¶ 33-35.) However, in *Stanford*, the judgment was timely registered in the Eastern District of Missouri, only a day after the judgment was issued in the Southern District of Mississippi, and well within the state limitations period applicable to the issuing court. *Stanford*, 341 F.2d at 266.  The Eighth Circuit considered a conflict of laws issue, when registration was timely pursuant to the laws of both states. *See id.* at 267-68.  Since the instant matter concerns an untimely registration of a judgment, *Stanford* is not applicable.

Because Plaintiff failed to revive or register the Georgia Judgment while it was still viable, that judgment became unenforceable as of April 2, 2013.  Its registration in this District on April 16, 2016 did not create a "new" enforceable judgment.[1]

Defendant requests a stay of enforcement of the Georgia Judgment in this District, but a stay of enforcement is only temporary in nature, pending disposition of something else—*e.g.*, a

---

[1] Plaintiff also claims that the arbitration award has been registered in New York, arguing "under the NASD arbitration rules, the arbitration award may be entered as a judgment in any court of competent jurisdiction. As Ms. Madigan and her attorney were domiciled in Georgia at the date of the award, the judgment was entered in the N.D.GA. federal District Court.  It could have been entered and now has been registered in the E.D.N.Y. federal District Court." (Paukman Am. Aff. ¶¶ 28-29.)  However, the arbitration award was *not* entered in New York; it was confirmed and entered as a judgment in Georgia.  In this Circuit, the Federal Arbitration Act is interpreted as imposing a one-year statute of limitations, and the arbitration award could not have been newly confirmed and entered as a judgment in New York fifteen years after its issuance on March 20, 2001. (Paukman Aff. Ex. A ¶ 3); *see Photopaint Technologies, LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003); *see also* 9. U.S.C. § 9 (1947).

10

motion or appeal. *See* Fed. R. Civ. P. 62. Because of the finding here that the Georgia Judgment is no longer enforceable in Georgia or in this District, there is no reason to delay enforcement, rather than denying it outright. Accordingly, the undersigned recommends that the registration of the Georgia Judgment be vacated.

### IV.     Analysis Under Rule 60(b)

Alternatively, the undersigned recommends vacating the registration of the Georgia Judgment under Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b) provides six alternative grounds on which a party or its legal representative can seek relief from a final judgment, order, or proceeding: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Defendant seeks relief only under subsections (4), (5), and (6).

The Second Circuit has recognized the power of the registration court to entertain Rule 60(b) motions especially when the creditor, who obtained a default judgment in another jurisdiction, is attempting to "utilize the enforcement machinery" of the registration court. *Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 733-34 (2d Cir. 1980) (internal quotation marks and citations omitted). Where a defendant has failed to appear in the underlying case, the Second Circuit reasoned, "the court of rendition is no more familiar with the factual situation than is the court of registration." *Id.* at 734. Because the Georgia Judgment was a default judgment, such is the case here.

11

The decision whether to grant relief under Rule 60(b) is within the sound discretion of the district court. *Thai-Lao Lignite (Thailand) Co.*, 864 F.3d at 182. In exercising this discretion, the court "aims to strike [ ] a balance between serving the ends of justice and preserving the finality of judgments." *Id.* (internal quotation marks and citation omitted).

The Second Circuit has explicitly held that, under Rule 60(b)(4), the District Court where a judgment from another jurisdiction is registered "has the inherent power to void the judgment." *Covington Indus., Inc.*, 629 F.2d at 732 (citing *Baldwin v. Iowa State Traveling Men's Assoc.*, 283 U.S. 522, 525 (1931) and *Adam v. Saenger*, 303 U.S. 59, 62 (1938)) (affirming the power of the U.S. District Court for the Eastern District of New York to grant relief from a judgment entered in a Georgia court under Rule 60(b)(4)). However, relief pursuant to Rule 60(b)(4) is appropriate "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace*, 443 F.3d at 193 (internal quotation marks and citations omitted).

While the Georgia Judgment is no longer enforceable because it expired before registration in this District, it is not "void" as defined in Rule 60(b)(4). As discussed above, the court in Georgia did have personal jurisdiction over Defendant. Defendant has not challenged the enforceability of the Georgia Judgment based on lack of subject matter jurisdiction or a violation of due process of law. Thus, the undersigned finds that Defendant is not entitled to relief under Rule 60(b)(4).

Regarding Rule 60(b)(5), Plaintiff argues that none of its conditions have been met, except that the judgment was "only partially" discharged "by virtue of" a criminal restitution order. (Paukman Am. Aff. ¶ 74; Paukman Suppl. Aff. ¶¶ 20-21.) Given that Defendant has made no argument regarding its applicability, the undersigned finds that this subsection does not form a basis for relief here.

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted). It "is properly invoked only when there are extraordinary circumstances justifying relief, . . . when the judgment may work an extreme and undue hardship, . . . and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

The circumstances in this case are extraordinary and justify relief. Plaintiff received an arbitration award and chose to have it confirmed and entered as a judgment in a Georgia federal court, thereby accepting the law of that state in enforcing the award. After obtaining a default judgment in that court, she then made no attempt at enforcement—whether through deliberate choice or otherwise, but certainly through no fraudulent concealment by Defendant. After seven years, the judgment became dormant; after three more years, it expired. Yet three more years later, with new counsel, Plaintiff seeks to enforce the expired judgment in a new jurisdiction—a jurisdiction in which it is already too late for Plaintiff to file a motion to confirm the original arbitration award. If laws of repose are to mean anything, they should bar enforcement in this case. Permitting enforcement of a judgment more than three years after it expired would impose undue hardship on Defendant, who had good reason to believe that there was finality in this matter and he would not be hauled back into court.[2] While the need for relief is apparent, subsections (1) through (5) of the Rule do not provide grounds for such relief. This is not a case where a Court is asked to "correct [its] own mistakes of law" or a party's mistake or inadvertence under Rule 60(b)(1). *See In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994). Rules 60(b)(2) and (3) are also inapplicable, because no newly discovered evidence or any misconduct by the non-moving party is asserted as a ground for relief. Fed. R. Civ. P. 60(b)(2)-(3).

---

[2] The criminal restitution order entered in the District Court for the Southern District of New York is separate from and unaffected by this case.

13

Accordingly, the undersigned recommends granting Defendant relief from the Georgia Judgment under Rule 60(b)(6) by vacating its registration in this District.

### V. Attorneys' Fees and Costs

Both parties have requested an award of attorneys' fees. (*See* Vasserman Aff. at 6; Paukman Am. Aff. ¶ 14.) In addition, Plaintiff's attorney, Mr. Paukman, has made a separate motion for attorneys' fees based on Defendant and his counsel's alleged perjury regarding Mr. Paukman's motivation for initiating the enforcement of the Georgia Judgment. (*See* Plaintiff's Motion for Attorneys' Fees, Dkt. 44.)

"In federal practice the general rule—known as the 'American Rule'—is that each party bears its own attorneys' fees," unless the parties have contracted to permit recovery of attorneys' fees, *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312 (2d Cir. 1993) (citations omitted), or it is recoverable by an applicable statute or rule. *See, e.g.,* 42 U.S.C. 1988 (2000) (civil rights cases); 29 U.S.C. 216 (2008) (effective March 23, 2018) (Fair Labor Standards Act); 17 U.S.C. § 505 (1976) (copyright infringement); Fed. R. Civ. P. 11 (attorneys' fees may be awarded as a sanction).

Neither party provides a basis on which they would be entitled to attorneys' fees. Rule 60(b) itself does not provide for such an award and neither party has specifically moved for sanctions under Rule 11. Although Plaintiff's counsel argues that Defendant and his counsel have committed perjury, the substance of the alleged perjury is irrelevant to any material facts in this case. Even treating Mr. Paukman's allegation of perjury against Defendant and his counsel as a motion for sanctions, the undersigned finds that no perjury or sanctionable actions have been committed by Defendant or his counsel.

Accordingly, the undersigned recommends that both parties' request for attorneys' fees be denied.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Defendant's request for relief be granted by vacating the registration of the Georgia Judgment.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         June 13, 2018